**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LEROY KING,
Plaintiff-Appellant,

v.

No. 97-1521

WILMINGTON TRANSIT COMPANY; DON
BETZ, Mayor; CITY OF WILMINGTON,
NORTH CAROLINA,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CA-96-198-7-BR-2)

Submitted: March 31, 1998

Decided: June 22, 1998

Before WILKINS and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Leon Lee, II, THE LEON LAW FIRM, P.A., Fayetteville, North
Carolina, for Appellant. Thomas C. Pollard, City Attorney, Wilming-
ton, North Carolina; Robert A. O'Quinn, STEVENS, MCGHEE,
MORGAN, LENNON & O'QUINN, Wilmington, North Carolina, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Leroy King appeals the district court's denial of his motion to amend his complaint. King's complaint purported to invoke jurisdiction pursuant to Title VII, 42 U.S.C. § 2000e-2 (1994), and/or the Americans with Disabilities Act, 42 U.S.C. § 12112 (1994). Defendant Wilmington Transit Company filed a motion to dismiss and an answer on December 17, 1996. On January 2, 1997, King filed a motion for leave to amend the complaint to add a claim under the Federal Trade Commission Act ("FTCA"). On January 22, the remaining Defendants, Mayor Don Betz and the City of Wilmington, filed a motion to dismiss and an answer.

The district court granted Defendants' motions to dismiss, because, inter alia, King failed to allege that he was wrongfully terminated due to his race, color, religion, sex, national origin, or disability. He alleged only that his employer "failed to apply its disciplinary policy, as they [sic] exist, inclusive of its interpretation, spirit, and intent." In addition, the district court denied King's motion to amend, because the FTCA does not create a private cause of action, and thus, King's proposed complaint would be subject to dismissal for failure to state a claim. King appeals only the denial of his motion to amend, arguing that his proposed amendments would cure any defect in the original complaint.

"There is no error in disallowing an amendment when the claim sought to be pleaded by amendment plainly would be subject to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Frank M. McDermott, Ltd. v. Moretz, 898 F.2d 418, 420-21 (4th Cir. 1990). Further, where a motion to amend would be wholly futile, there is no abuse of discretion in denying the motion. See Foman v. Davis, 371 U.S. 178, 182 (1962). Because King's proposed amended complaint failed to state a claim, see American Airlines v. Christensen, 967 F.2d 410,

2

414 (10th Cir. 1992) (FTCA does not create a private cause of action); <u>Dreisbach v. Murphy</u>, 658 F.2d 720, 730 (9th Cir. 1981) (same); <u>Fulton v. Hecht</u>, 580 F.2d 1243, 1248-49 n.2 (5th Cir. 1978) (same), the district court did not err in denying the motion to amend.

Thus, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3